Mr. Peter A. Kastenholz Corporation Counsel Wood County Courthouse Post Office Box 8095 Wisconsin Rapids Wisconsin 54495-8095
Dear Mr. Kastenholz:
You have asked for clarification of the terms "applicant," "candidate" and "final candidate," as used in section 19.36
(7)(a), Stats. Section 19.36 (7) provides:
 (a) In this section, "final candidate" means each applicant for a position who is seriously considered for appointment or whose name is certified for appointment and whose name is submitted for final consideration to an authority for appointment to any state position, except a position in the classified service, or to any local public office, as defined in s. 19.42 (7w). "Final candidate" includes, whenever there are at least 5 candidates for an office or position, each of the 5 candidates who are considered most qualified for the office or position by an authority, and whenever there are less than 5 candidates for an office or position, each such candidate. Whenever an appointment is to be made from a group of more than 5 candidates, "final candidate" also includes each candidate in the group.
 (b) Every applicant for a position with any authority may indicate in writing to the authority that the applicant does not wish the authority to reveal his or her identity. Except with respect to an applicant whose name is certified for appointment to a position in the state classified service or a final candidate, if an applicant makes such an indication in writing, the authority shall not provide access to any *Page 38 
record related to the application that may reveal the identity of the applicant.
You suggest there are at least two possible interpretations of section 19.36 (7)(a). First, "applicant" and "candidate" could be considered to be synonymous, both meaning a person who has applied for a position irrespective of whether the person is qualified for the position. Alternatively, one could assume that the Legislature meant something different by each term since the Legislature chose different terms. You suggest that an applicant would mean someone who applied for a position and a candidate would be an applicant who was qualified for the position, that is, someone who met the minimum job qualifications for employment set out in the announcement or description of the position. Under this construction of the statute it would be possible to receive applications from ten applicants but determine that only three of those applicants are candidates and only two of those candidates are final candidates.
Section 19.36 (7) is hardly a model of clarity. I conclude, however, that "applicant" and "candidate" are synonymous for purposes of the statute. I reach this conclusion for two reasons. First, that definition results in the greatest number of applicants being final candidates, and, therefore, results in providing the greatest information to the public. Section 19.31
requires that sections 19.32 to 19.37 "be construed in every instance with a presumption of complete public access, consistent with the conduct of governmental business." Because section 19.36
(7) is a partial exception to the public records law, it should be narrowly construed. Hathaway v. Green Bay School Dist.,116 Wis.2d 388, 397, 342 N.W.2d 682 (1984).
This interpretation of subsection (a) is also consistent with subsection (b). Subsection (b) allows an applicant to indicate that he or she does not want the authority to reveal his or her identity. The statute then makes an exception to that general rule for two groups of people: (1) Applicants whose names are certified for appointment to a position in the state classified service or (2) *Page 39 
final candidates. For the latter class there are only two groups in the universe, applicants and final candidates. The law on its face makes no provision for a third group, "candidates." Under the law an applicant may choose not to have his or her identity revealed. If that applicant becomes a final candidate, however, the authority can no longer honor that choice.
You also ask whether the second and third sentences of section 19.36 (7)(a) add additional restrictions to the first sentence. As you note, if that were the case, an applicant could never be a final candidate unless that person had been "seriously considered for appointment" or had his or her name certified for appointment and submitted for final consideration.
The second and third sentences of that subsection are not additional restrictions on the definition of "final candidate." Quite the contrary, the second and third sentences assure that the law cannot be evaded by an authority simply declaring that only one or two applicants were "seriously considered for appointment." Therefore, whenever there are at least five candidates for an office or position, at least five of the applicants, the five considered most qualified, must be included within the definition of "final candidate." If there are less than five candidates, all of the applicants are considered to be "final candidates." Finally, if an authority is going to make the appointment from a group of more than five applicants, that is, the authority's final list from which it will make the appointment is greater than five, all of the people on that list are considered to be "final candidates." The statute requires that someone be treated as a final candidate, even if the person is not seriously considered for appointment, if there were fewer than five applicants.
As I have mentioned, section 19.36(7) is an exception to the general policy of public access to public records and, therefore, should not be interpreted as denying access to public records unless clearly applicable. The Legislature has not created a blanket exemption to the public records law. Section 19.36 (7) applies only to state "positions," except a position in a classified *Page 40 
service. On its face, therefore, the statute does not apply to state "offices." (For a discussion of the difference between a position and an office, see Martin v. Smith, 239 Wis. 314,1 N.W.2d 163 (1941).)
That the Legislature was drawing a distinction between "positions" and "offices" is clear from the fact that the statute refers to state "positions" but to "local public offices" as defined in section 19.42 (7w). That definition itself is in turn limited; it does not apply to all local public offices. For example, it would not apply to an officer appointed to serve an indefinite term who was also removable for cause, or an officer appointed by a body other than the governing body or the executive or administrative head of the local government. The statute does not apply, for example, to the office of chief of police because chiefs are appointed by the police and fire commission and hold their offices during good behavior, subject to suspension or removal by the board for cause. Sec. 62.13 (3), Stats.
Sincerely,
 James E. Doyle Attorney General *Page 41